UNITED STATES COURT OF APPEALS
FOR THE NINTH DISTRICT

Case No. 16-60011
BAP Case No. CC-15-1208

IN RE: LOREN MILLER AND SARAH MILLER

Debtors.

LOREN MILLER,

Appellant,

*-against-*

JEREMY W. FAITH, CHAPTER 7 TRUSTEE; SARAH MILLER,

Appellees.

ON APPEAL FROM THE UNITED STATES BANKRUPTCY
APPELLATE PANEL OF THE NINTH CIRCUIT

## APPELLEE'S OPPOSITION TO APPELLANT'S MOTION TO EXTEND TIME TO FILE BRIEF

MARGULIES FAITH, LLP
Meghann Triplett, SBN 268005
Noreen A. Madoyan, SBN 279227
16030 Ventura Blvd, Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Appellee Jeremy W. Faith, Chapter 7 Trustee

**TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:**

Appellee, Jeremy W. Faith, Chapter 7 Trustee for the Bankruptcy Estate of Loren Miller and Sarah Miller (the "Trustee" or "Appellee") hereby submits the following opposition to the Debtor-Appellant's Motion to Extend Time to File Brief (Dkt No. 10) (the "Third Motion to Extend").

## I.
## INTRODUCTION

The Appellee submits that the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") should dismiss the above-captioned appeal, for Appellant's failure to comply with the Ninth Circuit's orders and prosecute the appeal in a timely fashion. This appeal has been pending for more than six (6) months without any meaningful action by the Appellant to move it forward despite two prior extensions of time by the Ninth Circuit. The Appellant's Third Motion to Extend provides no rationale why a third extension of time is warranted and further extension only serves to cause delay and expense in the Trustee's administration of the underlying bankruptcy case. Based on the foregoing and as detailed below, the Appellant's Third Motion to Extend should be denied and the appeal should be dismissed.

## II.
## FACTUAL BACKGROUND

Loren Miller (the "Defendant" or "Appellant") and Sarah Miller filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 7, 2013 (the "Bankruptcy Case"). Jeremy W. Faith was subsequently appointed as the Chapter 7 Trustee for the bankruptcy estate.

On June 12, 2015, the Bankruptcy Court concurrently entered a Memorandum Regarding Plaintiff's Motion for Summary Judgment Against Chapter 7 Trustee, Defendant Loren Miller Under 11 U.S.C. § 727(A)(2)(A), (A)(2)(B), (A)(4)(A), and (A)(6)(A) (the "Memorandum of Decision"); and an Order Granting Plaintiff's Motion for Summary Judgment Against Defendant Loren Miller Under 11 U.S.C. § 727(a)(2)(A), (a)(2)(B), (a)(4)(A), and (a)(6)(A) (the "MSJ Order").

On or about June 26, 2015, the Defendant filed a Notice of Appeal -28 U.S.C.A. § 158; FRBP 8001 of the MSJ Order (the "BAP Appeal"). Thereafter, the BAP Appeal was assigned to the U.S. Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") as Case No. CC-15-1208. On that same day, the Court issued an appeal deficiency notice to Defendant, for failure to pay the filing fee (Bankr. Dkt No. 75).

On July 9, 2015, the BAP issued a briefing order setting the last day for Appellant to file an opening brief as August 24, 2015 (Dkt No. 3).

On July 13, 2015, the BAP issued a second appeal deficiency notice for Defendant's failure to file the Statement of Issues, Designation of Record, and Notice of Transcript (Bankr. Dkt. No. 78).

On August 24, 2015, the Defendant filed a request to extend time to file his opening brief until September 28, 2015. On October 16, 2015, the BAP entered an order granting an extension of time for Defendant to file his opening brief to November 6, 2015 (the "First BAP Extension Order"). The First BAP Extension Order also states that "No further extensions of time to file this response will be granted absent well-documented proof of compelling circumstances." Defendant failed to file his opening brief by November 6, 2015.

On November 12, 2015, the BAP entered an order re: prosecution of appeal, ordering the Defendant to file an opening brief and excerpts of record no later than

2

November 25, 2015, otherwise the BAP Appeal will be dismissed without further notice. Defendant failed to file an opening brief and excerpts of record by November 25, 2015, rather filing another request to extend time to file his opening brief on November 30, 2015 (the "BAP Second Extension Request"). On November 30, 2015, the Appellee filed an opposition to the BAP Second Extension Request.

On December 21, 2015, the BAP entered an order granting extension of time (Final Warning), and set a deadline of December 24, 2015, as the filing deadline. On December 21, 2015, the Appellant filed a third motion seeking to extend the deadline to file an opening brief to February 22, 2016 (the "BAP Third Extension Request"). On December 22, 2015, the Court denied the BAP's Third Extension Request and warned Appellant that failure to comply with the Court's orders will result in dismissal.

Appellant failed to timely file his opening brief. Instead, on January 5, 2016, the Appellant filed a motion for reconsideration.

On January 26, 2016, the BAP entered an order denying the motion for reconsideration and dismissing the BAP Appeal for failure to prosecute and follow the rules and orders of the BAP (the "Dismissal Order", BAP Dkt. No. 25).

On February 8, 2016, the Appellant filed an appeal of the Dismissal Order (the "Dismissal Appeal"). On February 22, 2016, the Ninth Circuit issued a scheduling order, requiring the Appellant to file his opening brief by May 18, 2016, approximately three months after the Dismissal Appeal was filed. On May 16, 2016, the Appellant filed a request to extend time to file his opening brief until June 13, 2016 (the "First Motion to Extend"). An explanation for the request was not provided. On May 31, 2016, the Ninth Circuit entered an order granting the First Motion to Extend and setting a deadline of June 13, 2016 for Appellant to file his opening brief. The Appellant failed to file his opening brief by June 13, 2016.

3

On June 22, 2016, the Appellant filed a second request to enlarge the time to file his opening brief (the "Second Motion to Extend"). The Appellant cited his recent move to Las Vegas, Nevada, and the loss of his job as the bases for the Second Motion to Extend. On June 23, 2016, the Ninth Circuit entered an order extending the deadline for the Appellant to file an opening brief to July 18, 2016.

On July 15, 2016, the Appellee received a copy of the Third Motion to Extend, which seeks to extend the time to file the opening brief to August 22, 2016. Appellant argues that extensions are normally granted "in the absence of bad faith or prejudice to the adverse party." Again, Appellant blames his inability to file a brief on his move to Las Vegas, which occurred over three months ago, in May 2016.

## III.

## ARGUMENT

The Third Motion to Extend provides no legitimate rationale why the Appellant has been unable to file his opening brief since May 18, 2016, the original deadline. Rather, the Third Motion to Extend inaccurately states that no prejudice is to be had if an extension is granted (*See* Third Motion to Extend, page 1). Here, the Trustee and Estate creditors are prejudiced by further delay, as the Dismissal Appeal has now been pending for almost six (6) months, with no real movement towards a resolution. Appellant continues to use the loss of his job as a reason for his request. However, Appellant has been granted two prior extension of time to file his opening brief and has failed to provide any compelling evidence why another extension to August 22, 2016 is warranted. Moreover, the Trustee's administration of the underlying bankruptcy case is nearly complete with the exception of the pending appeals filed by the Debtor and further extension is prejudicial to the estate's creditors.

In light of the multiple prior continuances, and continued pattern of delay in both in the Dismissal Appeal and the BAP Appeal, the Trustee seeks that the Dismissal Appeal be dismissed for Appellant's failure to prosecute and comply with the Ninth Circuit's orders.

DATED: July 18, 2016                 **MARGULIES FAITH, LLP**

                                                By: _s/ Noreen A. Madoyan_
                                                   Meghann Triplett
                                                  Noreen A. Madoyan
                                                  Attorneys for Appellee,
                                                  Jeremy W. Faith
                                                  Chapter 7 Trustee

CERTIFICATE OF SERVICE

CASE NO. 16-60011

LOREN MILLER VS. JEREMY W. FAITH, TRUSTEE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 19, 2016.

The following are participants in the case who are registered CM/ECF users and will be served by the appellate CM/ECF system:

- Noreen A. Madoyan, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee
- Meghann A. Triplett, Attorney for Appellee, Jeremy W. Faith, Chapter 7 Trustee

I further certify that I have mailed the foregoing documents by First-Class Mail, postage prepaid for delivery to the following non-CM/ECF participants:

Loren Miller
11365 Merado Peak Drive
Las Vegas, NV 89135
**Appellant/Debtor**

Robert E. Hurlbett, Esq.
Hurlbett & Olmstead
3324 State Street, Suite O
Santa Barbara, CA 93105
**Attorney for Co-Debtor, Sarah Miller**

    s/ Helen Cardoza
    Helen Cardoza